**MEMO ENDORSED**

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza*
*38th Floor*
*New York, New York 10278*

May 5, 2025

**BY ECF & EMAIL**
The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**The Court has considered the parties' submissions and has GRANTED the Government's request to adjourn the May 6, 2025 Evidentiary Hearing to May 23, 2025 at 10:30 am, the Court's next available date. Clerk of Court is requested to terminate the motion at ECF No. 151.**   Dated: White Plains, NY
May 5, 2025

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

Re:   *United States v. James Bowen*,
         18 Cr. 205 (NSR)-02

Dear Judge Román

The Government respectfully writes to seek an adjournment of approximately one week of the violation of supervised release hearing currently scheduled in this matter for tomorrow, May 6, 2025, at 10:30 am. James Bowen, the defendant, does not consent to this adjournment.

As the Court knows, the Probation Office has accused Bowen of violating the conditions of his supervised release, alleging that, on November 25, 2024, Bowen viciously assaulted a romantic partner in Yonkers, New York. Shortly after the incident occurred, officers with the Yonkers Police Department (the "YPD") responded to Bowen's victim's apartment, where she recounted—both on video (via a body-worn camera) and in a written statement—that Bowen beat and choked her because he suspected that she was with another man in the apartment. A Yonkers City Court issued a warrant based on various New York state charges, including assault and obstruction of breathing; however, as unfortunately happens frequently in domestic violence cases, the state ultimately had to dismiss the charges after Bowen's victim decided not to cooperate further with law enforcement.

On or about January 28, 2025, Bowen's victim told a Probation Officer a slightly different version of the events, stating, among other things that, on November 25, 2024, Bowen: got into an argument with her about her supposed infidelity; went through her phone; threw her phone at her, hitting her in the face and causing her to bleed; grabbed her by the neck; and said to her, "look what you made me do," before leaving. Bowen's victim explained to Probation, however, that she did not want to proceed against Bowen because they were still in a relationship and she did not want to get him in trouble.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/2025

Hon. Nelson S. Román
May 5, 2025
Page 2 of 3

    This morning, at approximately 10:27 am, just 24 hours before the scheduled hearing, Bowen's counsel sent the Government a purported sworn statement executed by Bowen's victim three days ago, which statement he also gave the Court earlier today as his proposed Exhibit A for tomorrow's hearing. Counsel did not explain the delay in providing the statement to the Government. In this statement, Bowen's victim now claims, among other things, that she lied to the YPD about the entire November 25, 2024, incident. Rather, Bowen's victim now says, Bowen was at her building that day, but only to drop off her mail. (Bowen's victim says this even though she also says that she did not see Bowen at all that day). She now claims that she was assaulted by an unnamed woman with whom she was in a romantic relationship and that, if the YPD had searched her apartment, they would have found that woman.

    After receiving this statement, I asked Bowen's counsel to identify the other woman; counsel responded that Bowen's victim gave the statement to counsel's investigator and had been "reluctant" to provide the other woman's name. Conveniently, counsel has indicated that he does not intend to call the victim—even though she appears to be cooperating with Bowen—but will instead call his investigator.[1]

    Bowen's victim's evolving story and stated desire not to get Bowen in trouble, as well as the timing of her recantation and the defendant's eleventh hour disclosure, strongly suggest that the recantation was fabricated. Accordingly, the Government respectfully requests an approximately one-week adjournment to investigate the new claims contained in the May 2, 2025, statement. The Government has conferred with Probation and the following dates and times would be most convenient for Probation: the afternoon of May 12, the afternoon of May 14, the morning of May 16, or any time on May 19 or 21.

---

[1] The rules of evidence do not apply at supervised release hearings; accordingly, Bowen may present his victim's statement as hearsay. Indeed, as the Government will explain, and as frequently happens in domestic violence cases, Bowen's victim does not want to cooperate with the investigation, and so this Court should allow her initial accusations and her statements to the Probation Officer without her taking the stand. However, this Court may—and should—take into account the circumstances of her recantation in deciding what weight—if any—to give the new, improbable exculpatory story.

Hon. Nelson S. Román
May 5, 2025
Page 3 of 3

    Thank you for your consideration of this matter.

                                    Respectfully submitted,

                                    Jay Clayton
                                    United States Attorney

                     By:    _____

                                    Benjamin A. Gianforti
                                    Assistant United States Attorney
                                    (212) 637-2490

cc: Michael Burke, Esq. (by electronic mail and CM/ECF)